UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14222-Moore/McCabe

ROBERT WALKER,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

## REPORT & RECOMMENDATION ON MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand. (DE 66). By previous order, the District Judge referred all pre-trial dispositive matters to the undersigned for a Report and Recommendation. (DE 5). In an abundance of caution, the Court interprets remand to be a "dispositive" matter for purposes of 28 U.S.C. § 636.[1] For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand (DE 66) be **DENIED**.

### I.    DISCUSSION

This is a *pro se* case related to a home foreclosure. Plaintiff initially filed the case in state court, bringing claims against multiple defendants, including the United States. (DE 1-1 at 39). On July 15, 2024, the United States removed the case to federal court pursuant to 28 U.S.C. § 1442(a), which allows removal of civil cases brought in state court against the United States or its agencies. (DE 1). By way of this motion, Plaintiff urges the Court to remand the matter back to state court on the grounds that the United States has no right to remove the case because, at the

---

[1] The case law is divided on the issue, with no Eleventh Circuit case on point. *See Carl v. Lowe's Home Ctr., L.L.C.*, No. 15-62431-CIV, 2016 WL 11547312, at *1 (S.D. Fla. Apr. 11, 2016) (discussing split of authority).

time of removal, the United States had defaulted by failing to timely respond to the complaint under state court rules. (DE 66 at 2).

The Court disagrees. Plaintiff served the United States on June 25, 2024. (DE 1-1 at 2). The Florida Rules of Civil Procedure allows twenty (20) days to respond. *See* Fla. R. Civ. P. 1.140. On the twentieth day—July 15, 2024—the United States removed the case. (DE 1). Upon removal, the Federal Rules of Civil Procedure became effective, re-setting the applicable response deadlines. *See* Fed. R. Civ. P. 81(c).

The Court acknowledges that the state court clerk apparently entered a default against the United States on the state docket sheet the day *after* the case had already been removed to federal court. (DE 24 at 6). The Court finds the state default to be a complete nullity with no legal effect. Once a notice of removal is filed, "[t]he state court loses all jurisdiction over the case, and being without jurisdiction, its subsequent proceedings and judgment are not simply erroneous, but absolutely void." *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 63 (2020) (cleaned up).

Plaintiff raises several additional arguments, but none of them merit remand. For example, Plaintiff raises the issue of citizenship of various defendants. (DE 66 at 4). The Court finds these arguments unpersuasive because the United States removed this case pursuant to 28 U.S.C. § 1442(a)(1), not pursuant to the diversity-of-citizenship provisions of 28 U.S.C. § 1441(b). (DE 1 at 1).

## II.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand (DE 66) be **DENIED.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 3rd day of September 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE