**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 2:24-cv-14222-KMM

ROBERT WALKER,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al*.

    Defendants.
                                     /

**ORDER**

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Ryon M. McCabe, United States Magistrate Judge. ("R&R") (ECF No. 234). The matter was referred to Magistrate Judge McCabe, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 5). Magistrate Judge McCabe issued an R&R recommending that the Motion to Dismiss ("Motion" or "Mot.") (ECF No. 77) by Defendant United States of America, acting on behalf of the Federal Housing Commissioner and Administration ("FHA"), be GRANTED and that Counts II and VIII of Plaintiff's Amended Complaint ("Am. Compl.") (ECF No. 6-1) be DISMISSED with prejudice as to Defendant FHA. *See generally* R&R. Plaintiff Robert Walker ("Plaintiff") filed Objections to the R&R. ("Objs.") (ECF No. 244). Defendant FHA did not file a response to the Objections. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.    BACKGROUND**

This case stems from a home refinancing loan and mortgage executed by Plaintiff in 2010. R&R at 2. Plaintiff alleges that he executed a note and mortgage in favor of Regent Bank in connection with the refinancing of his home in Port Saint Lucie, Florida. *Id.* The closing took

place on December 26, 2010, but prior to closing, Plaintiff alleges that he did not receive the mandatory disclosures required under the Truth in Lending Act, 15 U.S.C. § 1635(a)-(b) ("TILA"), and the regulations promulgated thereunder, commonly known as "Regulation Z," 12 CFR § 1026.23(d)(2). *Id.* Plaintiff further alleges that at the time of the closing, a bank employee forged Plaintiff's signature on the closing documents and a notary fraudulently notarized the signature. *Id.* Plaintiff alleges the transaction involved an FHA-insured mortgage. *Id.* at 2–3.

On July 16, 2024, Plaintiff filed his *pro se* Amended Complaint. *See generally* Am. Compl. The Amended Complaint alleges fifteen counts against fourteen defendants, including the following two counts against Defendant FHA: (1) Violation of Fla. Stat. § 831.01 re: Forging Public Records or Certificates (Count II); and (2) Violation of TILA & Regulation Z (Count VIII). *See generally id.*; R&R at 3. On July 26, 2024, Defendant FHA filed its Motion to Dismiss arguing that the counts against Defendant FHA should be dismissed because (1) Plaintiff failed to properly plead his case against Defendant FHA, and (2) the Court lacks jurisdiction over Plaintiff's claims against Defendant FHA. *See generally* Mot.

Additionally, to note, on October 3, 2024, Plaintiff filed a Motion for Leave to File an Interlocutory Appeal. (ECF No. 224). Before the Court addressed the Motion, Plaintiff filed an Immediate Notice of Appeal, stating that he was appealing Magistrate Judge McCabe's: Omnibus Order Vacating Various Clerk's Entry of Defaults (ECF No. 135); Paperless Order granting Defendant Rossway Swan's Motion for Extension of Time (ECF No. 173); Order granting Defendants' Motion to Stay Discovery (ECF No. 179); Paperless Orders Granting Defendant Victoria Lynn Pagan's Motions for Extension of Time (ECF Nos. 182, 183); Report and Recommendation on Plaintiff's Motion to Remand (ECF No. 189) (in addition to this Court's Paperless Order adopting the Report and Recommendation (ECF No. 223)); and Order on Plaintiff's Motion for Contempt (ECF No. 193). *See* (ECF No. 225) at 1. On November 21, 2024,

2

Magistrate Judge McCabe denied Plaintiff's Motion for Leave to File an Interlocutory Appeal for the well-explained reasons laid out in the Order. *See* (ECF No. 233).

On November 27, 2024, Magistrate Judge McCabe issued an R&R on Defendant FHA's Motion. *See generally* R&R. As set forth in the R&R, Magistrate Judge McCabe first explains why Plaintiff's Immediate Notice of Appeal does not divest this Court of jurisdiction. *Id.* at 1–2. Magistrate Judge McCabe next recommends that the Court grant Defendant FHA's Motion and dismiss Counts II and Counts VIII as to Defendant FHA with prejudice. *See generally id.* Plaintiff objects to Magistrate Judge McCabe's findings. *See generally* Objs.

## II.    LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.   DISCUSSION

In the R&R, Magistrate Judge McCabe first finds that the Court retains jurisdiction over Defendant FHA's Motion because Plaintiff: (1) attempts to appeal non-appealable orders; and (2) Plaintiff's filing of an immediate notice of appeal of an appealable interlocutory order not preclude the district court from continuing to exercise jurisdiction over issues unrelated to the interlocutory order.  R&R at 1–2.  Magistrate Judge McCabe next finds that Count II, Violation of Fla. Stat. § 831.01 re: Forging Public Records or Certificates, should be dismissed with prejudice as to Defendant FHA because: (1) Plaintiff's Amended Complaint fails to allege sufficient facts to overcome sovereign immunity; (2) Fla. Stat. § 831.01 does not give rise to a private cause of action for civil enforcement; (3) in light of Plaintiff's *pro se* status even if Count II was instead treated as an action for common law fraud, it would still be barred by Florida's statutes of limitations and repose; and (4) Plaintiff's Amended Complaint contains insufficient factual detail as to how Defendant FHA participated in the alleged forgery and fraudulent notarization. *Id.* at 4–6.  Next, Magistrate Judge McCabe finds that Count VIII, Violation of TILA & Regulation Z, should be dismissed with prejudice as to Defendant FHA because: (1) Plaintiff's Amended Complaint fails to allege sufficient facts to overcome sovereign immunity; (2) Count VIII is time-barred by TILA's statute of limitations; and (3) Plaintiff's Amended Complaint contains insufficient factual detail as to how Defendant FHA participated in violating TILA and/or Regulation Z. *Id.* at 6–8.

Plaintiff objects to the R&R.  *See generally* Objs.  First, Plaintiff generally objects to the R&R on the grounds that Magistrate Judge McCabe "abused his discretion by failing to comply with 28 U.S.C. § 636 Mandate and the Magistrate Rules of the Local Rules of the Southern District of Florida[,]" constituting "judicial over reach."  *Id.* at 8–10.  Second, Plaintiff states that he generally "Object[s] and Oppose[s]" the various "Findings of Fact and Conclusions of Law" made

4

in the R&R regarding the district court's continuing jurisdiction over Defendant FHA's Motion and that Counts II and VIII should be dismissed with prejudice. *Id.* at 11–18.

Even affording the liberal reading required for *pro se* filings, Plaintiff has failed to make any sufficiently specific objections to the R&R that would warrant a *de novo* review. *See Macort*, 208 F. App'x at 784 (finding that a district court must a conduct a *de novo* review when an objection is "sufficiently specific and not a general objection to the report"). Plaintiff's 20-pages of Objections are hard to follow, discuss previous Orders by Magistrate Judge McCabe and this Court that are not at issue in the R&R, and fail to state any cogent basis for why the Court should not adopt the R&R. *See* Objs.; *see also Keaton*, 2015 WL 12780912, at *2. Therefore, the Court reviews the R&R for clear error, and upon a review of the record, the Court finds no clear error with Magistrate Judge McCabe's findings.

**IV.   CONCLUSION**

Accordingly, UPON CONSIDERATION of the Report and Recommendation, the Objections, the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 234) is ADOPTED. Counts II and VIII are DISMISSED WITH PREJUDICE as to Defendant FHA. Accordingly, Defendant FHA is dismissed as a party to this Action.

DONE AND ORDERED in Chambers at Miami, Florida, this *11th* day of February, 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record