UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:24-cv-14222-KMM

ROBERT WALKER,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al*.,

    Defendants.
                                                                  /

## ORDER

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Ryon M. McCabe, United States Magistrate Judge. ("R&R") (ECF No. 246). The matter was referred to Magistrate Judge McCabe, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. (ECF No. 5). Magistrate Judge McCabe issued an R&R recommending that the remaining Defendants'[1] respective Motions to Dismiss[2] be

---

[1] Defendant United States of America, acting on behalf of the Federal Housing Commissioner and Administration ("FHA"), was previously dismissed from this Action. *See* (ECF No. 279).

[2] The Defendants' Motions to Dismiss, (collectively, the "Motions to Dismiss"), include: (1) Defendant Property Transfer Services, Inc.'s ("PTS") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 50); (2) Defendant Rossway Swan Tierney Barry & Oliver, P.L.'s ("Rossway Swan") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 54); Defendant Old Republic National Title Insurance Company's ("Old Republic") Motion to Dismiss Amended Complaint with Prejudice (ECF No. 111); Defendant Mercedes F. Kelly's ("Bank Employee Kelly") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 154); Defendants U.S. Bank Home Mortgage ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 167); Defendants Zachary Foster ("Attorney Foster") and Quarles & Brady LLP's ("Quarles & Brady") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 168); Defendants Justin Charles Ritchie ("Attorney Ritchie"), Justin Allen Swosinski ("Attorney Swosinski"), and James E. Albertelli, P.A.'s ("Albertelli Law") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 170); and Defendant Victoria Lynn Pagan's ("Notary Victoria") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 207). To note, Defendant Notary Public Underwriters, Inc. ("Notary Company") is the only remaining Defendant that did not file its own Motion to Dismiss. However, as set forth in the R&R, the claims brought

GRANTED and that all counts against the remaining Defendants be DISMISSED WITH PREJUDICE. *See generally* R&R. Plaintiff Robert Walker ("Plaintiff") filed Objections to the R&R. ("Objs.") (ECF No. 264). None of the Defendants filed a Response to the Objections, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

I.  **BACKGROUND**

This case stems from a home refinancing loan and mortgage executed by Plaintiff in 2010. R&R at 2. Plaintiff alleges that on December 26, 2010, he executed a note and mortgage in favor of Regent Bank in connection with the refinancing of his home in Port Saint Lucie, Florida. *Id.* at 8. On January 10, 2011, MERS, as nominee for Regent Bank, recorded an assignment of the note and mortgage to U.S. Bank. *Id.* On December 8, 2011, through a letter written by his counsel at the time, Plaintiff notified U.S. Bank that he was electing to rescind his note and mortgage because he allegedly did not receive the mandatory disclosures required under the Truth in Lending Act, 15 U.S.C. § 1635(a)-(b) ("TILA"), and the regulations promulgated thereunder, commonly known as "Regulation Z," 12 CFR § 1026.23(d)(2). *Id.* at 8–9. In the letter, Plaintiff additionally alleged that the closing documents had been fraudulently notarized, and the underwriters had charged him a closing fee in excess of four hundred dollars ($400) in violation of the Florida Fair Lending Act. *Id.* In response to the letter, U.S. Bank denied any TILA violations, refused to recognize Plaintiff's alleged rescission of the note and mortgage, and stated it would only rescind the note and mortgage if Plaintiff paid back the amount financed to obtain the property, minus finance charges and credits for payments made to date. *Id.* at 9.

---

against Defendant Notary Company should also be dismissed for the same reasons they should be dismissed against the other Defendants, as discussed in more detail below. No claims were solely brought against Defendant Notary Company.

Subsequently, from 2014 until the present, Plaintiff has been engaged in continuous litigation regarding his note and mortgage documents.[3] *Id.* at 9–14. On June 24, 2024, Plaintiff filed the instant Action in state court, and on July 15, 2024, Defendant FHA removed this Action to federal court pursuant to 28 U.S.C. § 1442(a)(1). (ECF No. 1). On July 16, 2024, Plaintiff filed his *pro se* Amended Complaint. *See generally* ("Am. Compl.") (ECF No. 6-1).

The Amended Complaint alleges fifteen claims against fourteen defendants,[4] which all revolve around the central premise that Plaintiff rescinded his refinanced loan and mortgage in 2011. *See id.* The claims are: (1) slander of title (Count I); (2) violation of Fla. Stat. § 831.01 re: Forging Public Records or Certificates (Count II); (3) violation of Fla. Stat. § 117.05(5) re: Falsifying Notarized Documents (Count III); (4) violation of Fla. Stat. § 117.107(9) re: Notarizing Signatures (Count IV); (5) rescission based on fraud (Count V); (6) negligence (Count VI); (7) negligent hiring (Count VII); (8) violation of TILA & Regulation Z (Count VIII); (9) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO") (Count IX); (10) violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9) ("FCCPA") (Count X); (11) violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Count XI); (12) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692(e)-(f) ("FDCPA") (Count XII); (13) breach of contract based on promissory estoppel (Count

---

[3] Plaintiff has been a party in the following actions: (1) *Walker v. Experian, et al.*, Case No. 15-cv-14001-RLR ("Federal Action 1"), filed on January 4, 2014; (2) *Walker v. U.S. Bank, et al.*, Case No. 2014-CA-000281, ("State Action 1"), filed on February 6, 2014; (3) *U.S. Bank v. Robert Walker, et al.*, Case No. 2019-CA-000055 ("Foreclosure Action"), filed on January 9, 2019; (4) *U.S. Bank N.A. v. Robert Walker, et al.*, Case No. 19-cv-14037-JEM ("Federal Action 2"), filed on February 7, 2019; and (5) *In re Walker*, Case No. 9:20bk11431 ("Bankruptcy Action").

[4] As noted above, Defendant FHA was previously dismissed from this Action. *See* (ECF No. 279). Accordingly, thirteen Defendants remain: Notary Victoria, Albertelli Law, U.S. Bank, Attorney Ritchie, Attorney Swosinski, Attorney Foster, Quarles & Brady, Rossway Swan, MERS, Old Republic, PTS, Bank Employee Kelly, and Notary Company.

XIII); (14) violation of the Uniform Fraudulent Transfer Act, Fla. Stat. § 726.105 ("UFTA") (XIV); and (15) unjust enrichment (Count XV).[5] *See generally id.*; R&R at 2–6.

In response, Defendants filed the Motions to Dismiss seeking dismissal of all counts in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* (ECF Nos. 50, 54, 111, 154, 167, 168, 170, 207).

Additionally, on October 3, 2024, Plaintiff filed a Motion for Leave to File an Interlocutory Appeal. (ECF No. 224). Before the Court addressed the Motion, Plaintiff filed an Immediate Notice of Appeal, stating that he was appealing Magistrate Judge McCabe's: Omnibus Order Vacating Various Clerk's Entry of Defaults (ECF No. 135); Paperless Order granting Defendant Rossway Swan's Motion for Extension of Time (ECF No. 173); Order granting Defendants' Motion to Stay Discovery (ECF No. 179); Paperless Orders Granting Defendant Victoria Lynn Pagan's Motions for Extension of Time (ECF Nos. 182, 183); Report and Recommendation on Plaintiff's Motion to Remand (ECF No. 189) (in addition to this Court's Paperless Order adopting the Report and Recommendation (ECF No. 223)); and Order on Plaintiff's Motion for Contempt (ECF No. 193). *See* (ECF No. 225) at 1. On November 21, 2024, Magistrate Judge McCabe

---

[5] Count I is brought against Defendants Attorney Swosinski, Attorney Foster, Quarles & Brady, Bank Employee Kelly, Attorney Ritchie, Albertelli Law, U.S. Bank, Rossway Swan, and MERS. Count II is brought against all Defendants besides PTS. Counts III and IV are brought against Defendants Notary Victoria, Bank Employee Kelly, MERS, and Notary Company. Count V is brought against Defendants MERS, PTS, Bank Employee Kelly, and Notary Company. Count VI is brought against Defendants MERS, PTS, and Notary Victoria. Count VII is brought against Defendants PTS and Notary Victoria. Count IX is brought against Defendants U.S. Bank, Attorney Ritchie, Attorney Swosinksi, Quarles & Brady, Rossway Swan, MERS, PTS, Bank Employee Kelly, Notary Victoria, and Old Republic. Count X is brought against Defendants U.S. Bank, Attorney Foster, Attorney Ritchie, Attorney Swosinksi, Albertelli Law, Quarles & Brady, and Rossway Swan. Counts XI, XIII, and XIV are brought against Defendant U.S. Bank. Count XII is brought against Defendants U.S. Bank, Attorney Foster, Attorney Ritchie, Attorney Swosinksi, Albertelli Law, Quarles & Brady, and Rossway Swan. Lastly, Count XV is brought against Defendants U.S Bank, Attorney Ritchie, Attorney Swosinksi, Albertelli Law, and Rossway Swan.

denied Plaintiff's Motion for Leave to File an Interlocutory Appeal for the well-explained reasons laid out in the Order. *See* ("OIA") (ECF No. 233).

Further, on December 12, 2024, Magistrate Judge McCabe issued an Order on Judicial Notice. ("OJN") (ECF No. 245). Therein, pursuant to Federal Rule of Evidence 201(b), Magistrate Judge McCabe takes judicial notice of 37 exhibits relating to Plaintiff's past litigation. *See generally id.* The exhibits are relevant when addressing Defendants' affirmative defenses of res judicata and collateral estoppel raised in the Motions to Dismiss. *Id.* at 1–5.

Thereafter, on December 13, 2024, Magistrate Judge McCabe issued an R&R on Defendants' Motions to Dismiss, recommending that the Court grant the Motions to Dismiss and dismiss all fifteen counts alleged against Defendants with prejudice. *See generally id.* Plaintiff objects to Magistrate Judge McCabe's findings. *See generally* Objs.

## II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the

R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.   DISCUSSION

As set forth in the R&R, Magistrate Judge McCabe finds as an initial matter that the Court retains jurisdiction over the Motions to Dismiss because Plaintiff: (1) attempts to appeal non-appealable orders; and (2) to the extent that Plaintiff seeks appeal of appealable interlocutory orders, Magistrate Judge McCabe denied Plaintiff's Motion for Leave to File an Interlocutory Appeal.  R&R at 1–2; *see generally* OIA.  Magistrate Judge McCabe next explains why the Court, pursuant to Federal Rule of Evidence 201(b), can take judicial notice of exhibits outside the four corners of the operative complaint without converting a motion to dismiss into a motion for summary judgment.  *Id.* at 7–8.  Thereafter, Magistrate Judge McCabe recommends that the Court dismiss all fifteen claims brought against Defendants with prejudice.  *Id.* at 15–32.

First, Magistrate Judge McCabe recommends that the slander of title claim (Count I), which is based on Defendants Attorney Swosinski, Attorney Foster, Quarles & Brady, Bank Employee Kelly, Attorney Ritchie, Albertelli Law, U.S. Bank, Rossway Swan, and MERS allegedly recording a false lis pendens in 2019, be dismissed with prejudice because: (1) it is barred by the doctrine of collateral estoppel; and (2) it is time-barred by Florida's two-year statute of limitations on claims for slander of title.  *Id.* at 15–17.  Magistrate Judge McCabe finds that the doctrine of collateral estoppel bars the instant claim because Plaintiff already litigated this issue in State Action 1 against U.S. Bank, Regent Bank, and PTS, and the remaining are in privity with U.S Bank and Regent Bank as either their counsel, employee, or nominee.  *Id.* at 16–17.

Second, Magistrate Judge McCabe recommends that the forgery related claims, Count II, violation of Fla. Stat. § 831.01, Count III, violation of Fla. Stat. § 117.05(5), and Count IV, violation of Fla. Stat. § 117.107(9), be dismissed with prejudice because: (1) the statutes do not

6

give rise to a private cause of action for civil enforcement; (2) in light of Plaintiff's *pro se* status even if Counts II, III, and IV were instead treated as actions for common law fraud, they would still be barred by Florida's statute of limitations and repose; and (3) the doctrine of res judicata bars Counts II, III, and IV as to several of the Defendants based on Plaintiff's prior lawsuits. *Id.* at 18–21. Magistrate Judge McCabe explains that the doctrine of res judicata bars these forgery related claims because Plaintiff could have brought these claims in State Action 1 as they arise from the same subject matter and concern the same transactions as previously litigated in State Action 1. *Id.* at 19–21. Additionally, the following Defendants were either Defendants in State Action 1 or in privity with a Defendant in State Action 1: Bank Employee Kelly, MERS, U.S. Bank, Albertelli Law, Attorney Foster, Quarles & Brady, Attorney Ritchie, Attorney Swosinski, and Rossway Swan. *Id.*

Third, Magistrate Judge McCabe recommends that the rescission based on fraud claim (Count V), negligence claim (Count VI), and negligent hiring claim (Count VII) be dismissed with prejudice because: (1) they are time-barred by Florida's statute of limitations and repose; and (2) the doctrine of res judicata bars the claims as to several of the Defendants based on State Action 1. *Id.* at 22–25.

Fourth, Magistrate Judge McCabe recommends that Count VIII, violation of TILA & Regulation Z, and Count IX, violation of RICO, 18 U.S.C. §§ 1961–1968, also be dismissed with prejudice because: (1) both claims are time-barred based on TILA's one-year statute of limitations for monetary damage claims, three-year statute of limitations for rescission claims, and RICO's four-year statute of limitations; (2) the doctrine of res judicata bars Count VIII as to Defendants U.S. Bank, MERS, and Bank Employee Kelly and Count IX as to Defendants U.S. Bank, MERS, Attorney Ritchie, Attorney Swosinski, Quarles & Brady, Rossway Swan, MERS, PTS, and Bank Employee Kelly based on State Action 1. *Id.* at 25–27.

Fifth, Magistrate Judge McCabe recommends that Plaintiff's claims that Defendants violated the FCCPA (Count X), the TCPA (Count XI), the FDCPA (Count XII), the UFTA (Count XIV), and Plaintiff's claim for unjust enrichment (Count XV), should all be dismissed with prejudice because they are barred by the doctrine of collateral estoppel. *Id.* at 26–29, 31–32. These claims all rest on the issue of whether Plaintiff properly rescinded his mortgage debt. *Id.* This issue was already litigated and resolved in State Action 1. *Id.* Additionally, the Defendants these claims are brought against in the instant Action were either named as Defendants in State Action 1 or are in privity with a Defendant in State Action 1. *Id.*

Lastly, Magistrate Judge McCabe recommends that Count XIII, breach of contract based on promissory estoppel, be dismissed with prejudice because Plaintiff's exhibits attached to his Amended Complaint contradict Plaintiff's allegations of detrimental reliance, an essential element of a promissory estoppel claim. *Id.* at 30 (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control") (citations omitted).

Plaintiff objects generally to Magistrate Judge McCabe's findings. *See generally* Objs. Plaintiff describes the R&R as the "[l]attest attack on [t]he Seventh Amendment[,]" and believes Magistrate Judge McCabe has "abused his discretion by failing to comply with 28 U.S.C. § 636 Mandate and the Magistrate Rules of the Local Rules of the Southern District of Florida[,]" constituting "judicial over reach." *Id.* at 3, 17, 30. Affording the liberal reading required for *pro se* filings, as best the Court can tell, Plaintiff raises three more specific objections to the R&R. *See generally id.*

First, Plaintiff objects to the Court continuing to exercise jurisdiction after Plaintiff filed his Immediate Notice of Appeal and Motion for Leave to File an Interlocutory Appeal, which has since been denied. *Id.* at 8, 13–17; *see* (ECF Nos. 224–25); OIA. Specifically, Plaintiff asserts

8

that Magistrate Judge McCabe "misconstrue[d] the subject matter in Plaintiff['s] notice of appeal as [a] non-appealable order." Objs. at 17. However, that is a mischaracterization of what Magistrate Judge McCabe's states in the R&R. In the R&R, Magistrate Judge McCabe explains that Plaintiff's Immediate Notice of Appeal "involves matters that are non-appealable *and/or* matters for which the Court has denied permission to take an interlocutory appeal." R&R at 2 (emphasis added). Regarding the matters for which Magistrate Judge denied Plaintiff leave to file an interlocutory appeal, Magistrate Judge McCabe provided a thorough Order explaining how Plaintiff "failed to meet the 'heavy burden' of establishing that interlocutory appeal is warranted." OIA at 3 (quoting *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, No. 19- CV-23591, 2020 WL 3433147, at *2 (S.D. Fla. June 23, 2020)). Plaintiff has provided no additional comprehensible arguments as to why an interlocutory appeal is warranted here, and the Court agrees with Magistrate Judge McCabe's well-reasoned analysis in the OIA and the R&R.

Second, Plaintiff objects to Magistrate Judge McCabe taking judicial notice of the 37 exhibits and considering them at the motion to dismiss stage. Objs. at 8, 13, 30. As Magistrate Judge McCabe states in the R&R, the "general rule" is that "courts cannot look beyond the four corners of the operative complaint at the motion-to-dismiss stage. R&R at 7 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)). However, Magistrate Judge McCabe further explains that "[t]he Eleventh Circuit has recognized a limited exception to this rule when a defendant raises the affirmative defenses of res judicata and collateral estoppel." *Id.* (citing *Horne v. Potter*, 392 F. App'x. 800, 802 (11th Cir. 2010)). Here, Defendants raise the affirmative defenses of res judicata and collateral estoppel in the Motions to Dismiss, and Plaintiff has provided no cognizable arguments as to why the exception should not apply to the instant Action. *See generally* Objs. Upon independent review, the Court agrees that based on Federal Rule of Evidence 201(b), Magistrate Judge McCabe properly took judicial notice of the 37 exhibits

9

relating to Plaintiff's prior litigation and did not err in considering them at the motion to dismiss stage when evaluating Defendants' collateral estoppel and res judicata affirmative defenses. *See Horne*, 392 F. App'x. at 802.

Third, Plaintiff contends that Magistrate Judge McCabe erroneously found that Plaintiff's claims are barred by either the doctrine of collateral estoppel or res judicata because Plaintiff's prior litigation did not end in final judgments, and Defendants in this Action are not in privity with the defendants in his prior cases. *Id.* at 8–9, 13–15, 21–23, 28–29. Having independently reviewed the Amended Complaint and the pertinent portions of the record, the Court finds this objection is without merit. As set forth in the R&R, Magistrate Judge McCabe clearly summarizes Plaintiff's prior lawsuits, including the defendants in each case, the claims alleged against them, and the final judgments entered against Plaintiff. R&R at 9–14. Additionally, the R&R explains how each Defendant in the current Action is either a named defendant in a prior lawsuit with Plaintiff or in privity with a named defendant in a prior lawsuit. *Id.* While Plaintiff refers to the pleadings in his prior lawsuits as "counterfeit," and states that there "is no final judgment that is valid," Objs. at 8–9, there is no evidence to support his assertions. Instead, there is clear evidence that Plaintiff's prior lawsuits did end in final judgments against Plaintiff. R&R at 9–14. For example, in State Action 1, the court granted Defendants Regent Bank, U.S Bank, and PTS's respective motions for summary judgment and specifically entered final judgments in their favor. *Id.* at 11; (ECF Nos. 245-12, 245-13, 245-14).

Accordingly, upon independent review, this Court agrees with the findings and recommendations set forth in Magistrate Judge McCabe's thorough and well-reasoned R&R. As Magistrate Judge McCabe notes in the R&R, dismissal with prejudice is warranted as amendment would be futile given the reasons for dismissal of each claim, such as the respective statutes of

10

limitations and repose, the doctrine of collateral estoppel, and the doctrine of res judicata. *See* R&R at 32.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the R&R, the Objections, the Motions to Dismiss, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 246) is ADOPTED. Defendants' Motions to Dismiss (ECF Nos. 50, 54, 111, 154, 167, 168, 170, 207) are GRANTED. Plaintiff's Amended Complaint (ECF No. 6-1) is DISMISSED WITH PREJUDICE. Additionally, Magistrate Judge McCabe's Paperless Report and Recommendation, (ECF No. 255), which recommends that the following seven Motions, (ECF Nos. 72, 74, 75, 76, 98, 120, 151), be DENIED AS MOOT upon adoption of the R&R (ECF No. 246), is hereby ADOPTED. All other pending motions, if any, are DENIED AS MOOT. The Clerk of Court is INSTRUCTED to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this __14th__ day of February, 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record